Filed March 2, 1888.

No. 13,181.

LUCAS ET AL. v. OWENS.

PRINCIPAL AND SURETY.— *Misrepresentations as to Extent of Obligation.— Fraud Not Available as Against Payee Without Knowledge.*—A surety, who has been misled by the principal as to the character and extent of the obligation entered into at the request of the latter, can not make the fraud available as a defence in an action on the obligation by the payee, unless the latter participated in or had knowledge of the fraud.

Lucas *et al. v.* Owens.

SAME.—*Innocent Parties.*—Where one of two innocent persons must suffer by the wrong of a third person, the one who put it in the power of the wrong-doer to cause the loss must bear it.

From the Monroe Circuit Court.

*W. H. Martin,* for appellants.

*R. A. Fulk,* for appellee.

MITCHELL, C. J.—Thomas J. Owens brought this suit against Andrew W. Johnson and Sarah C. Lucas, joint makers of a promissory note, which fell due in one year from the date thereof, and called for the payment of $760, and interest.

Mrs. Lucas, in the second and fourth paragraphs of her separate answer, set up as a defence, that her co-defendant, Johnson, had induced her to sign the note sued on as his surety, by means of certain false and fraudulent representations, which are particularly set out, and which she alleges were relied on by her.

Without setting out the facts pleaded in any greater detail, it is sufficient for the purposes of this case to say they show that Mrs. Lucas, without any contributory fault or neglect on her part, was induced by her co-defendant to sign the note in suit under such circumstances as would entitle her to be relieved therefrom as against the principal, Johnson, if he were claiming any benefit from the contract. As, however, there is nothing in the answer tending to show that the payee was guilty of any fault or neglect, or that he knew, or had any reason to suspect, that Mrs. Lucas had been induced to sign the note by the misconduct of any one, it is difficult to discover any principle upon which he can be compelled to exonerate the surety, after having accepted the note and parted with the consideration thereof in good faith.

A surety who has been misled by the principal, as to the character and extent of an obligation, signed and assumed at the request of the latter, can not make the fraud of the principal available as a defence, unless he can also show that

the payee or obligee participated in, or had knowledge of, the fraud or deception. *Western, etc., Ins. Co.* v. *Clinton,* 66 N. Y. 326; *Casoni* v. *Jerome,* 58 N. Y. 315; *Ladd* v. *Board of Trustees,* 80 Ill. 233. *Griffith* v. *Reynolds,* 4 Gratt. 46; *Quinn* v. *Hard,* 43 Vt. 375; Brandt Sur., section 353.

The payee who parts with a consideration, and accepts the note in good faith, is not bound to ascertain whether the sureties, whose genuine signatures appear thereon, fully understood the nature and extent of their obligation. He has a right to assume that they exercised care, and understood the character of the contract to which they signed their names; nor can he be held responsible for the misconduct or deception by which the principal induced them to sign the note. Mrs. Lucas being under no disability, and having signed the note intentionally, she can not avoid liability to the payee, who acted in good faith, by showing that she was overreached by her co-defendant, the principal.

Assuming that both the surety and the payee were equally without fault, since one of two innocent persons must suffer by the wrong of a third person, the loss must fall upon the one who put it in the power of the wrong-doer to cause the loss. *Hunter* v. *Fitzmaurice,* 102 Ind. 449; *Helms* v. *Wayne Agricultural Co.,* 73 Ind. 325; *Preston* v. *Witherspoon,* 109 Ind. 457; *Quick* v. *Milligan,* 108 Ind. 419; *Houck* v. *Graham,* 106 Ind. 195; *Schmidt* v. *Archer, ante,* p. 365.

Judgment affirmed, with costs.

Filed March 2, 1888.