Filed May 1, 1891.

## No. 46.

## POSTEL ET AL. *v.* OARD.

PLEADING.—*Suit on Note.*—*Failure to Allege that it is Due.*—A failure to allege, in an action on a promissory note, that it is due is immaterial if the note is made an exhibit and shows on its face that it is due.

PRACTICE.—*Improper Argument of Counsel.*—*Injury.*—Unauthorized language of counsel used in argument, to be available as error on appeal, must appear to have produced a probable injury to the party objecting to it.

SAME.—*Insufficient Answer.*—*Rejecting Evidence Offered upon.*—*In Instructions to Jury, How Treated.*—An advantage may be taken of the insufficiency of an answer by rejecting evidence offered in support of it. A defendant is not entitled to have an insufficient answer treated as sufficient in the instructions to the jury.

SALE.—*Breach of Warranty.*—*Pleading.*—In an action on a note given for a horse, an answer alleging a breach of warranty, and that the animal was wholly worthless for the buyer's use, is not equivalent to an allegation that it was worthless.

SAME.— *When Warranty a Question for Jury.*—If the words used at a sale are not a warranty in terms, it is proper to submit to the jury the question whether they were intended by the parties as a warranty.

SAME.—*Open Defects.*— *Warranty.*—Open and visible defects, or qualities of articles sold and warranted, are not reached, as a general rule, by the warranty, though they be inconsistent with its terms, the law presuming that the vendor did not warrant against defects and qualities whose existence is clear to the buyer and every body else. But if the vendor and vendee intended by their contract that the warranty should cover such defects, then the vendor is bound thereby.

SAME.—*Examination by Vendee.*—*Relying upon Warranty.*—The purchaser

Postel *et al. v.* Oard.

. has a right to rely upon an express warranty though he may have had an opportunity to examine the property.

SAME.—*Implied Warranty of Quality.—Caveat Emptor.*—If the vendee has inspected the specific thing purchased, the rule of *caveat emptor* admits of no exception of an implied warranty of quality.

SAME.—*Implied Warranty Covers Only Existing Defects.*—At common law an implied warranty extends only to defects existing at the time.

From the Delaware Circuit Court.

*G. H. Koons,* for appellant.

BLACK, C. J.—The appellee sued the appellants upon a promissory note. A demurrer to the complaint was overruled.

Objection is made to the complaint because it did not allege that the note was due at the commencement of the action. It alleged that the note was unpaid, and a copy was made part of the complaint as an exhibit. The note was dated August 24th, 1887, and was made payable twelve months thereafter. The complaint was filed on the 5th of September, 1888. It was sufficiently shown by the complaint that the note was due at the commencement of the action. *Womack* v. *Dunn,* 9 Ind. 183; *Bush* v. *Raney,* 34 Ind. 416; *Green* v. *Louthain,* 49 Ind. 139.

Judgment was rendered for the appellee upon a verdict for the full amount of the note. A motion for a new trial was filed by the appellants and was overruled.

The attorney for the appellee, in his argument before the jury, made the following statement:

" There has evidently been some trick attempted to be played upon somebody in this case. These defendants took it upon themselves, took the burden upon themselves, to open and close this case."

The attorney for the appellants objected to this language. The objection was overruled by the court, and to this ruling the appellants excepted. It is not shown in what connection these words were spoken.

Counsel for the appellants objected below and argue here

that the attorney for the appellee had no right to state to the jury what occurred in the formation of the issues or in determining who was entitled to open and close, and had no right to say there was any trick in that.

It was true that upon the state of the issues the appellants had the burden, and were entitled to the open and close. For the attorney to say in his argument that the defendants had taken the burden would not be a violation of his privilege. It might be a very proper statement in a discussion of the evidence. The first sentence in the quotation, the sentence in which the word " trick " occurs, is obscure, and its application to the matter of the second sentence is not apparent. It is not manifest that the attorney charged that the appellants had attempted to play a trick upon the appellee in the formation of the issues or in taking the burden and obtaining the open and close. It does not appear from the language quoted what the trick was or to what matter it related. It may be that the language of the attorney was reprehensible; but this court indulges a presumption in favor of the action of the trial court until the appellant has shown manifest error which injured, or which was calculated to injure, the appellant.

It may not be possible for a party to show that the unauthorized language of the attorney of his adversary in argument has been actually injurious, but to avail him on appeal language objected to by him must appear to have been such that it probably injured him. It must be such that the Appellate Court can see that it was calculated to injure.

The control of argument before the jury must be largely within the sound discretion of the trial court. That discretion will not be interfered with on appeal unless it appears to have been abused. We can not determine that it was abused in this instance.

The court instructed the jury in its third and fourth instructions, that under the state of the issues the appellee was entitled to recover the face of the note, with interest and at-

Postel *et al. v.* Oard.

torney's fees as provided in the note; and that the recovery might be reduced by the damages which the appellants had sustained, if any; that the matters set up in the answers and cross-complaint were a warranty and a breach thereof, by which it was alleged that the appellants had sustained damages, and which they asked might be recouped or set off, or taken out of the appellee's note or amount of recovery. The appellants insist that this was error.

The answer consisted of two paragraphs of affirmative defence, and a counter-claim. They all admitted the execution of the note, and alleged that it was given for a certain horse sold by the appellee to the appellants. Certain oral statements alleged to have been made by the appellee concerning the horse are set up in each paragraph, the same language being attributed to the appellee in each. In the first paragraph, and in the counter-claim, or third, paragraph, these statements were pleaded as warranties. In the second paragraph they were alleged as fraudulent representations. This paragraph was an insufficient pleading, for it purported to be an answer to the entire cause of action stated in the complaint, while it admitted that the horse was worth twenty-five dollars, and it did not show a return of the animal to the vendor. It alleged that for the buyer's use the animal was wholly worthless. This was not equivalent to an allegation that the horse was worthless. *Howard* v. *Cadwalader*, 5 Blackf. 225; *Lafayette Ag'l Works* v. *Phillips*, 47 Ind. 259. Issue was taken on all these paragraphs.

It was not incorrect to instruct that the appellee was entitled to recover on the note, except so far as the recovery might be reduced by damages shown under the answer. The court, in these instructions, treated all the paragraphs of answer as setting up a warranty. This seems to have been the theory on which the case proceeded at the trial. Counsel for the appellants presented a set of instructions, in all of which they treated the alleged statements upon the theory of their having constituted a warranty.

Originally the mode of proceeding on a warranty was by an action of deceit, grounded on a supposed fraud. *Margetson* v. *Wright*, 7 Bing. 603; *Margetson* v. *Wright*, 8 Bing. 454. In 2 Kent Com. 478, a fraudulent representation, or a fraudulent concealment, as to the quality of goods sold, is spoken of as amounting to a warranty in law; and this statement is referred to approvingly in *Humphreys* v. *Comline*, 8 Blackf. 516 (518). They would have like effect by way of defence. *Love* v. *Oldham*, 22 Ind. 51.

Advantage may be taken of the insufficiency of an answer by rejecting evidence offered in support of it. *Bane* v. *Ward*, 77 Ind. 153. A defendant is not entitled to have an insufficient answer treated as sufficient in the instructions to the jury. In treating all the appellants' paragraphs of answer as paragraphs setting up a warranty, the court does not appear to have infringed materially upon the rights of the appellants.

In its sixth instruction the court stated that the appellants would not be entitled to set off any amount as against the appellee's note, unless the warranty was proved as alleged in the answers and counter-claim, and that the burden of proof was upon the appellants.

We can not regard this as a materially erroneous instruction merely for the reason that there were three statements alleged, either of which might constitute a warranty. The court also, in the second instruction given at the request of the appellants, told the jury that no particular form of words is necessary to make a warranty; that any assertion of the seller in respect to the property, if intended by the seller and understood as a warranty, must be considered as such.

The instructions must be considered together; and we could not reverse the judgment upon a supposition that the jury would understand from the sixth instruction that proof of any material set of words alleged would not avail the appellants without proof of all the sets pleaded.

The court in its instructions left it to the jury, if they found that the words were used as alleged, to determine whether they constituted a warranty.

It is insisted by the appellants that it was the province of the court to construe the words and to tell the jury that they constituted a warranty.

The jury would understand from the instructions, taken as a whole, that the court was submitting the words to them as being sufficient to constitute a warranty if they should find that they were so intended by the parties to the contract.

None of the words being a warranty in terms, it was proper to submit to the jury the question whether they were intended by the parties as a warranty. *House* v. *Fort*, 4 Blackf. 293; *Jones* v. *Quick*, 28 Ind. 125.

The court, in instructing as to the circumstances under which the rule *caveat emptor* prevails, used some words which if taken alone might have been understood, perhaps, as implying that there would be no warranty of the soundness of an article if it were present and the buyer had an opportunity of seeing and inspecting it, and the defect or unsoundness was apparent and could be seen by the buyer.

It is true that the general principle is, that open, visible defects or qualities of goods sold and warranted are not reached by the warranty, though they be inconsistent with its terms, the seller not being supposed to warrant against defects and qualities whose existence is clear to the buyer and and everybody else. *President, etc.,* v. *Wadleigh*, 7 Blackf. 102.

This rule applies where the defects are such that they can not be supposed to have been intended by the parties to have been insured against. But whatever, under the circumstances, the parties can be said to have intended by their contract, to that the seller will be held as to other lawful engagements. *Shordan* v. *Kyler,* 87 Ind. 38.

The purchaser has a right to rely upon an express war-

ranty though he may have had an opportunity to examine the property. *First Nat'l Bank* v. *Grindstaff*, 45 Ind. 158.

So far as an ascertained specific chattel, already existing, and which the buyer has inspected is concerned, the rule of *caveat emptor* admits of no exception by implied warranty of quality. Benjamin Sales, section 644; *Bowman* v. *Clemmer*, 50 Ind. 10.

"Where there is a sale of a definite existing chattel specifically described, the actual condition of which is capable of being ascertained by either party, there is no implied warranty." Benjamin Sales, section 657.

When the entire instruction in which the language in question relating to the common law rule, *caveat emptor*, is considered in connection with other instructions given, it is apparent that in the portion referred to the court was not speaking of an express warranty, but the language was intended by the court, and would be understood by the jury, as relating to an implied warranty.

One of the grounds assigned in the motion for a new trial was that the court erred in sustaining the appellee's objection to a certain question set out asked by counsel for the appellants, of a witness named, and in excluding the appellants' offer to prove by said witness in answer to said question certain facts stated.

Upon examination of the bill of exceptions containing the evidence, we find that a question similar to that set out in the motion was asked of the witness named, and that he answered the question, and that no objection appears to have been made to the question or answer by the appellee, but that the court itself said the evidence was too remote.

Counsel for appellants then made an offer of proof concerning the physical condition of the animal in question in June, 1888; that it then had the blind staggers; the sale of the horse having occurred, and the note in suit having been executed in August, 1887. The court ruled that if the animal was not afflicted with the disease at the time of the sale the

evidence was not proper.   Thereupon counsel for appellants offered to prove that the first time the hot season came the condition in question came on, but the court overruled the offer.

Without regard to the manner in which the alleged error is presented, as to which we make no decision, it seems that the court committed no error.

The representation and warranty of soundness stated in the answer related, by the form thereof, to the time of the sale.   There was no offer of proof that the animal had said disease at the time of the sale, and there was no question asked that was adapted to elicit such proof.

At common law an implied warranty extends only to defects existing at the time.   *Garrett* v. *Heaston,* 5 Blackf. 349.

We find no material error.

The judgment is affirmed, with costs.

Filed April 30, 1891.