COMMERCIAL UNION ASSURANCE COMPANY, LIMITED, OF LONDON, ENGLAND, v. SCHUMACHER.

[No. 9,510.  Filed May 14, 1918.  Rehearing denied November 21, 1918.  Transfer denied December 11, 1919.]

1. APPEAL.—*Briefs.*—*Argument.*—An argument is not an indispensable part of a brief.  p. 531.

APPEAL.—*Briefs.*—*Time of Filing.*—*Motion for Reversal.*—*Discretionary Power.*—Since the failure of appellee to file a brief within the time provided by the rules does not compel a reversal, but only calls for an exercise of the discretionary power of the court in cases where appellant's brief shows reversible error, a motion for a reversal for such failure will be overruled where appellee later files his brief upon leave granted by the court. p. 531.

3. PLEADING.—*Exhibits.*—*Effect.*—*Insurance.*—An allegation in a complaint on a policy that defendant is a corporation duly organized under the laws of three separate jurisdictions, is mere matter of description and is controlled by the policy, made part of and an exhibit to the complaint, as to the identity of the insurer. p. 532.

4. JUDGMENTS.—*Persons Concluded.*—*Appearance.*—An English corporation named as defendant in the caption of the complaint, and which appeared and answered without denying the execution of the policy sued on which purported to have been issued by it, is bound by the judgment rendered, although there was an allegation that such corporation was organized under the laws of England and of New York and Illinois.  p. 532.

Commercial Union, etc., Co. *v.* Schumacher—71 Ind. App. 526.

5. INSURANCE. — *Contract.* — *Waiver of Appraisal.* — *Maturity.* — *Pleading.*—Under a policy of insurance postponing the maturity of a claim for a fire loss until sixty days after notice, ascertainment, estimate and satisfactory proof of loss have been received by the company, including an award by appraisers when appraisal has been required, a complaint that alleges a loss by fire, and due notice and proof thereof, and that defendant, upon demand, failed and refused to join in making said proof, ascertainment or estimate of loss and refused to pay anything on account thereof, in effect charges a waiver on the part of the company of its right to an appraisal, and sufficiently shows that the claim is due and unpaid. p. 533.

6. INSURANCE.—*Misrepresentation by Insured.*—*Knowledge Chargeable to Insurer.*—*Pleading.*—A reply to an answer of material misrepresentations in procuring the policy, as to the facts concerning the horse-power, catalogue price, purchase price and whether new or second-hand, of the automobile insured, which alleges that the agents of defendant inspected the car to learn the facts as to all such matters, and that with such knowledge they applied for and obtained the policy for the plaintiff, sufficiently charges the defendant with knowledge of such facts when issuing the policy. p. 535.

7. INSURANCE. — *Misrepresentations by Insured.* — *Waiver After Knowledge.*—A reply sufficiently states a waiver of alleged misrepresentations charged by answer to have been made by the insured in procuring the policy, where it avers knowledge of such misrepresentations on the part of the insurer at the time of issuing the policy, and a retention of the premium for more than a year, the term of the policy, and until after the action was brought upon the policy in which such answer and reply were filed, and where such reply alleges that the tender then made was not made within a reasonable time after knowledge of the facts and of the loss. p. 536.

8. PLEADING.—*Conclusions.*—*Effect in Absence of Motion To Require Facts.*—*Tender.*—An allegation that a tender was not made within a reasonable time is a conclusion, but is sufficient, under §343a Burns 1914, Acts 1913 p. 850, in the absence of a motion to require the statement of the facts necessary to support it. p. 536.

9. INSURANCE.—*Contracts.*—*Statute Part of Contract.*—*Rules of Construction.*—When a statute is, by its terms, part of an insurance policy, such statute is to be construed to effectuate the purpose of its enactment, and the meaning of such policy is to be ascertained from all its provisions in their entirety and not from a literal or technical construction of isolated or special

**528** **APPELLATE COURT OF INDIANA,**

Commercial Union, etc., Co. *v.* Schumacher—71 Ind. App. 526.

clauses, the general rule being to construe an insurance contract liberally in behalf of the insured, so as to effectuate its purpose, resolving doubts in his favor. p. 539.

10. INSURANCE.—*Loss.—Appraisement.—Default.—Actions on Policies.—Maturity of Claim.*—Under a policy governed by §4622g Burns 1914, Acts 1911 p. 525, and containing a provision postponing the maturity of any claim thereunder for sixty days after the receipt by the company of an award by appraisers when appraisal has been required, the effect of the statute is to provide an effective means of ascertaining the amount of loss under such policy in order to meet such requirement, and, according as the insured or the insurer fails when required by the opposite party to designate an appraiser within the time provided in the statute therefor, the loss admitted by the insurer or the loss claimed in the preliminary proof by the insured becomes the ascertained loss and is recoverable by suit at the expiration of sixty days from such default. p. 540.

11. INSURANCE.—*Loss.—Demand for Appraisal.—Time.—Receipt of Letter.*—A demand by insurer addressed to insured's attorney, for an appraisement, and naming an appraiser, would not operate to cause the running of the five-day period provided by §4622g Burns 1914, Acts 1911 p. 525, until the insured actually received the letter, in the absence of any showing that his attorney had authority to open the letter or to receive notice of such demand and appointment. p. 542.

12. INSURANCE.—*Loss.—Demand For Appraisal.—Offer of Compromise.—Effect.—Waiver.*—A suggestion of the possibility of an avoidance of an appraisal by compromise, contained in a letter from insurer to insured, demanding an appraisal and naming an appraiser, which letter also contained the express statement that the suggestion should not be taken as a waiver of the demand, is not sufficient to excuse the insured from appointing an appraiser within the period designated by §4622g Burns 1914, Acts 1911 p. 525. p. 542.

13. INSURANCE.—*Waiver of All Defenses.—Knowledge.—Action on Policy.*—A reply of waiver of all defenses, set up to an answer of misrepresentations in procuring the policy, is bad when there is no allegation in such reply of any knowledge by the insurer of such misrepresentations by insured at the time the alleged acts constituting the claimed waiver were done, since a waiver is an intentional relinquishment of a known right, or conduct that warrants an inference thereof, an election to forego some advantage that could have been taken or insisted upon, and, knowledge of the right, charged to have been waived, is an essential to such waiver. p. 543.

14. INSURANCE.—*Loss.—Admission by Insured.—Equal Right of Parties to Demand an Appraisal.—Pleading.*—Where, under the provisions of §4622g Burns 1914, Acts 1911 p. 525, the insurer has, in a suit on the policy, filed a good, partial answer of admitted loss, it is not a good reply thereto that the insurer did not seasonably demand in writing an appraisal, since the insured cannot complain of the failure of the insurer to exercise a right common to both parties. p. 544.

15. TRIAL.—*Instructions.—Special Defenses.—Failure of Proof.*—Giving an instruction that directed a verdict for the plaintiff, if he had established all the material allegations of his complaint, if the defendant had failed to prove the material allegations of some one of its special defenses, is reversible error, since an action may be defeated by the establishment of all the material allegations of a single good, affirmative paragraph of answer addressed to the entire complaint. p. 545.

16. TRIAL.—*Instructions.—Treating Insufficient Reply as Good.*—Giving an instruction that treats an insufficient reply, challenged by demurrer, as sufficient, is reversible error. p. 546.

From Warrick Circuit Court; *Union W. Youngblood,* Special Judge.

Action by Samuel Schumacher against the Commercial Union Assurance Company, Limited, of London, England. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Burke G. Slaymaker* and *Kiper & Fulling,* for appellant.

*Arch Stevenson, John R. Brill, Frank H. Hatfield* and *John W. Brady,* for appellee.

BATMAN, P. J.—This is an action by appellee against appellant to recover damages to an automobile, under a policy of fire insurance. The complaint is in a single paragraph, and alleges, among other things: That defendant is a corporation, duly organized under and pursuant to the laws of the State of New York, the laws of the State of Illinois, and the laws of London, England; that defendant is engaged

530    APPELLATE COURT OF INDIANA,

Commercial Union, etc., Co. *v.* Schumacher—71 Ind. App. 526.

in insuring against loss by fire; that by its policy, dated August 6, 1912, defendant, in consideration of $24 paid by plaintiff, insured plaintiff against loss or damage by fire to the amount of $1,200 on one Pullman automobile, factory No. 4242, touring car type, gasoline motive power, four cylinders, forty horse power, model 1910, by which policy defendant agreed to indemnify plaintiff against any loss or damage, not exceeding $1,200, that should happen by fire to said property during one year from the date of said policy; that a copy of said policy, marked "Exhibit A," was filed with the complaint and made a part thereof; that on July 28, 1913, while said policy was in effect, said automobile was destroyed by fire; that said loss was insured against by said policy; that plaintiff at all times owned the insured property, which was of the value of $1,500; that he has fulfilled and performed all conditions to be by him performed under the terms of said policy; that defendant, upon demand by plaintiff, failed and refused to join plaintiff in making proof, ascertainment or estimate of said loss, and refused to pay anything; and that plaintiff has been damaged in the sum of $1,500. The policy, which is made a part of the complaint by exhibit, is not set out in this opinion, because of its length, but reference will be made later to such portions as may become material in determining the questions presented. Appellant filed a demurrer to the complaint upon the grounds that the court had no jurisdiction of the action, and that the complaint does not state facts sufficient to constitute a cause of action. With such demurrer appellant filed a memorandum which directed the court's attention to the questions hereinafter determined with reference to such complaint.

This demurrer was overruled, and appellant then filed an answer in five paragraphs, the first being a general denial. No demurrer was addressed to any of such paragraphs of answer. Appellee filed a reply in five paragraphs, the first being a general denial. Appellant filed a demurrer to each of said paragraphs of reply except the first, with a sufficient memorandum to require a consideration of the questions hereinafter determined with reference thereto. This demurrer was overruled as to each of said paragraphs, and appellant duly excepted. The cause was submitted to a jury for trial, and a verdict was returned in favor of appellee for $900, on which judgment was accordingly rendered. Appellant filed a motion for a new trial, which was overruled. It now prosecutes this appeal, and has assigned as errors the overruling of its demurrer to the complaint, the overruling of its demurrer to the several paragraphs of reply, and the overruling of its motion for a new trial.

Appellant filed its original brief in due time, but appellee failed to file a brief within the time required by the rules. Appellant thereafter filed a motion for an order requiring appellee to return the transcript in this cause to the office of the clerk of this court, and for a reversal of the judgment because of appellee's failure to file a brief. The determination of this motion was postponed until the final hearing. Appellee seeks to justify such failure on the ground that appellant had not made any argument on the propositions and points stated in its brief. He contends that such omission rendered such brief incomplete, and constituted a waiver of any alleged error. We cannot concur in this con-

tention. Rule No. 24 provides that: "The briefs of any party may be followed by an argument in support of such briefs, which shall be distinct therefrom, but shall be bound with the same." In accord with this rule, it has been held that an argument is not a necessary part of a brief. *Moore v. Ohl* (1917), 65 Ind. App. 691, 116 N. E. 9. However, the failure of appellee to file a brief within the time provided by the rules does not compel a reversal of the judgment. Such failure only calls for an exercise of the discretionary power of the court, which, it has been held, should not be exercised against the judgment of the trial court, except in cases where the appellant's brief shows that reversible error was in fact committed by such court. *Cannon v. City of Wabash* (1915), 58 Ind. App. 127, 107 N. E. 738; *McClure v. Anderson* (1915), 58 Ind. App. 615, 108 N. E. 757. Subsequently to the filing of this motion by appellant, appellee on petition was granted leave to file his brief. Such brief was filed within the time given. Under the facts and circumstances of this case, we believe such motion should be overruled, which is now accordingly done.

Appellant's first assignment of error challenges the action of the court in overruling its demurrer to the complaint. It is contended that the complaint alleges that the policy in suit was executed by three separate and distinct corporations, and therefore the identity of appellant with the corporation executing the policy is not shown. This contention is based on the allegation "that said defendant is a corporation duly organized under and pursuant to the laws of the State of New York, the laws of the State of Illinois, and the laws of London,

NOVEMBER TERM, 1919.     533

Commercial Union, etc., Co. *v.* Schumacher—71 Ind. App. 526.

England.'' This allegation does not support appellant's contention. Only one corporation is sued, although it is alleged that it was organized under and pursuant to the laws of three separate jurisdictions. This allegation is a mere matter of description, and is controlled by the policy which is filed with the complaint as an exhibit. *Globe, etc., Ins. Co.* v. *Reid* (1898), 19 Ind. App. 203, 47 N. E. 947, 49 N. E. 291; *First Nat. Bank* v. *Josefoff* (1914), 57 Ind. App. 320, 105 N. E. 175; *Stewart* v. *Knight & Jillson Co.* (1906), 166 Ind. 498, 76 N. E. 743; *Huber Mfg. Co.* v. *Wagner* (1906), 167 Ind. 98, 78 N. E. 329; *Simons* v. *Kosciusko Bldg., etc., Assn.*, 180 Ind. 335, 103 N. E. 2. The policy itself purports to have been issued by the ''Commercial Union Assurance Company of London, England.'' This company is named as defendant in the caption of the complaint and, as appellant appeared thereto and answered, without denying the execution of the contract, it is bound by the judgment rendered.

It is further contended that there are no allegations in the complaint that the claim sued on has matured or become due, or that it is unpaid;

5. that such allegations are essential to the sufficiency of the complaint, and hence the court erred in overruling the demurrer thereto. The policy in suit contains the following provision relating to the maturity of any claim for loss thereunder: ''And the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required, have been received by the company, including an award by appraisers, when appraisal has been required.'' The complaint alleges the issuance of the policy, a loss

by fire thereunder, and that due notice and proof thereof had been given and made. It does not allege that the amount of the loss had been ascertained by an appraisal, but does allege: "That said defendant, upon demand by this plaintiff failed and refused to join this plaintiff in making said proof, ascertainment or estimate of loss, and refused to pay anything on account thereof." This is, in effect, a charge that appellant had waived its right to an appraisal. *Providence Washington Ins. Co.* v. *Wolf* (1907), 168 Ind. 690, 80 N. E. 26, 120 Am. St. 395. Where there has been proper proof of loss and a waiver of an appraisal, the claim is then due. There is a sufficient allegation that the claim is unpaid. We conclude that the court did not err in overruling the demurrer to the complaint.

Appellant predicates error on the action of the court in overruling its demurrer to the second paragraph of reply. This paragraph of reply is addressed to the third and fifth paragraphs of answer. Said paragraphs of answer are based on the following provisions of said policy: "This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof. * * * If an application, survey, plan or description of property be referred to in this policy, it shall be a part of this contract, and a warranty by the insured." It is alleged that appellee made certain representations with reference to the horse power, catalogue price of said automobile, the amount paid by appellee therefor, and whether it was new or second-hand when purchased by him; that these representations were embodied in said policy; that the

same were false, and known by appellee to be false when made; that appellant did not know they were false, and relied thereon in issuing such policy. Said second paragraph of reply is based on a waiver of said false representations. It alleges that the agents of appellant, through whom said policy was procured, had personal knowledge of the exact condition, size, character and value of the automobile in question before said policy was issued; that said agents personally inspected said car for the purpose of ascertaining its true condition as to age, style, size, power and value, to enable them as such agents to determine and pass upon said risk and to issue said policy; that with said knowledge said agents applied for said policy of insurance and obtained the same for appellee; that thereafter they countersigned and delivered the same, and collected the premium therefor on August 6, 1912; but that appellant did not tender back said premium until April 23, 1914, which was not within a reasonable time after obtaining knowledge of the facts averred in said paragraph of answer.

The memorandum filed by appellant with its demurrer to appellee's reply raises only two questions with reference to the second paragraph thereof. 6. Its first contention is that said paragraph does not charge appellant with knowledge of the facts alleged as a basis of defense in the paragraphs of answer to which it is addressed. It will be observed that the only representations alleged in said paragraphs of answer which, if false, would defeat appellee's right of recovery are those which are descriptive of the automobile in question or those which relate to other material matters. A consideration of said second paragraph of reply leads us to conclude

that it alleges that appellant, at the time said policy was issued, had knowledge of all facts concerning which it is claimed false representations were made that properly come within the provisions of the policy on which such paragraphs of answer are based.

Appellant's second contention with reference to the sufficiency of said paragraph of reply is that the alleged delay in tendering back the premium on the policy in suit does not constitute a waiver of the breach alleged in the paragraphs of answer to which it is addressed. We cannot concur in this contention. It is well settled in this state that, when an insurance company desires to avoid liability on a policy on account of a breach of warranty, or fraud in its procurement, it must act with reasonable promptness and make seasonable tender to the holder of such policy of the premium received therefor. *Commercial Life Ins. Co.* v. *Schroyer* (1911), 176 Ind. 654, 95 N. E. 1004, Ann. Cas. 1914A 968; *Mutual Life Ins. Co.* v. *Finkelstein* (1915), 58 Ind. App. 27, 107 N. E. 557; *Insurance Co., etc.* v. *Indiana Reduction Co.* (1917), 65 Ind. App. 330, 117 N. E. 273. It will be observed that the paragraphs of answer to which said second paragraph of reply is addressed are based on certain alleged misrepresentations made by appellee in the procurement of the policy in suit. Such paragraph of reply charges that appellant collected the premium for such policy on August 6, 1912, and then alleges that "no tender back was ever made by the defendant company to the plaintiff of said premium paid for said policy until after the filing of this action, and until the 23rd day of April, 1914, which plaintiff says was not within a reasonable time after said fire and the learning of the facts by the

NOVEMBER TERM, 1919.     537

Commercial Union, etc., Co. *v.* Schumacher—71 Ind. App. 526.

defendant company set up and referred to in each said third and fifth paragraphs of answer." True, the allegation that such tender was not made within a reasonable time may be said to be a conclusion, but it is sufficient under §343a Burns 1914, Acts 1913 p. 850, in the absence of a motion to require a statement of facts necessary to sustain the same. *Schlosser* v. *Nicholson* (1916), 184 Ind. 283, 111 N. E. 13; *Miller* v. *Gates* (1916), 62 Ind. App. 37, 112 N. E. 538. For the reasons stated, we conclude that the questions raised by appellant as to the sufficiency of said second paragraph of reply are not well taken.

Appellant also predicates error on the action of the court in overruling its demurrer to the third paragraph of reply. This paragraph of reply is addressed to the amended second and the fourth paragraphs of answer. Each of these paragraphs charge a breach of the terms and conditions of the contract in suit relating to an appraisal of the alleged loss, by failing to comply with the provisions in that regard contained in an act of the general assembly of this state approved March 6, 1911, being §4622g Burns 1914, Acts 1911 p. 525. Said act, by its terms, is a part of said contract, and provides the manner in which proofs of loss to any property in this state shall be made, under policies insuring the holders against loss and damage from fire, lightning, or tornado, and requiring a preliminary proof thereof. It then provides that the insurance company shall be deemed to have assented to the amount of the loss claimed by the insured in his preliminary proof thereof, unless within a specified time it shall notify the insured in writing of the amount of loss, if any, that it admits. It further provides as follows: "If the insured and the

538    APPELLATE COURT OF INDIANA,

Commercial Union, etc., Co. *v.* Schumacher—71 Ind. App. 526.

insurance company shall fail to agree in whole or in part within ten days after notice of the amount of loss, if any, that the company admits, as above provided, either party shall have the right forthwith to demand in writing an appraisement of the loss or part of loss as to which there is a disagreement, and such party so demanding an appraisement shall name in writing a competent and disinterested appraiser, and thereupon, and within five days after the receipt of such demand and name of appraiser, the other party shall appoint a competent and disinterested appraiser, and give notice thereof in writing to the party making such demand for appraisement.'' Said section then provides for the qualification of such appraisers, and the appointment of an umpire on their failure to agree, and for the appointment of other appraisers and the selection of a second umpire on the failure of the first appraisal.

Appellant alleges in substance in its said amended second and in its fourth paragraph of answer that after appellee had made his proof of loss it notified him in writing, within ten days after the receipt thereof, that it admitted a loss and damage of $750 to the automobile in question; that there was a failure to agree as to the amount of such loss within ten days thereafter, and thereupon it made a written demand for an appraisement of the loss, and at the time named in writing a competent and disinterested appraiser; that appellee did not, within five days after the receipt of such demand and the naming of such appraiser, give it notice of the appointment of a competent and disinterested appraiser for the purpose of making such appraisement, and in fact did not make such appointment, but neglected to do so,

NOVEMBER TERM, 1919. 539

Commercial Union, etc., Co. *v.* Schumacher—71 Ind. App. 526.

and refused to participate in any such appraisement. The theory of said amended second paragraph is that appellee, having failed to appoint an appraiser to assess the damages to the automobile in question within the five-day period prescribed by said act, is not entitled to recover any amount of said policy. The theory of said fourth paragraph is that appellee, by reason of such failure, is not entitled to recover any amount on said policy in excess of the sum of $750, which appellant, in compliance with said act, had admitted to be appellee's loss on the automobile in question, together with interest thereon since the date of such admission. In support of such theories appellant contends that, when the policy refers to an ascertainment of a loss by an appraisal, it refers to the appraisement provided by said §4622g Burns 1914, *supra;* and that the alleged failure of appellee to appoint an appraiser within five days after it demanded an appraisal, appointed its appraiser, and gave due notice thereof, is either a complete bar to appellee's right of recovery, as asserted in its amended second paragraph of answer, or a bar to any amount in excess of the sum which it admitted to be appellee's loss, with interest thereon since the date of such admission, as asserted in its fourth paragraph of answer.

In considering this contention it should be noted that the act in question by its terms is made a part of the policy in suit, and thus becomes a part of the contract between the parties. The true meaning of the contract must be ascertained from all its provisions in their entirety, and not from a literal or technical construction of any isolated or special clause of the same. *Nave* v. *Powell* (1913), 52

Ind. App. 496, 96 N. E. 395; *Kann* v. *Brooks* (1913), 54 Ind. App. 625, 101 N. E. 513. As a general rule an insurance contract must be liberally construed in behalf of the insured, so as to effectuate its purpose, and doubts are to be solved in his favor. *Federal Life Ins. Co.* v. *Kerr* (1910), 173 Ind. 613, 89 N. E. 398, 91 N. E. 230; *American Surety Co.* v. *Pangburn* (1914), 182 Ind. 116, 105 N. E. 769, Ann. Cas. 1916E 1126; *Hay* v. *Meridian Life, etc., Co.* (1915), 57 Ind. App. 536, 101 N. E. 651, 105 N. E. 919. And where a statute forms part of the same it should be construed so as to give effect to the purpose intended to be accomplished by its enactment. *In re Whisler* (1914), 56 Ind. App. 269, 105 N. E. 158; *Board, etc.* v. *Given* (1907), 169 Ind. 468, 80 N. E. 965, 82 N. E. 918. When the entire contract in suit is considered in the light of these well-settled rules we cannot sustain appellant's amended second paragraph of answer. To do so would require that we hold, in effect, that appellee had forfeited his cause of action by a failure to appoint an appraiser within the designated five-day period. Neither the letter nor the spirit of the act requires this construction. It should be noted that the contract in suit makes an appraisal of the amount of any loss under said policy a condition precedent to a right of recovery, by postponing the maturity of any such claim for sixty days after the receipt by said company of an award by appraisers, where an appraisal has been required. One of the evident purposes of the act in question was to provide an effective means of ascertaining the amount of loss under such a policy, in order to meet such requirement, and the act should be so construed as to accomplish this purpose, if reasonably possible.

This leads to a consideration of the effect of the act on a policy of fire insurance, of which such provision and such act form parts. From such a consideration we conclude that, when a loss has occurred under such a policy, and the insured has furnished the insurer a preliminary proof of loss, as required by the act, and the insurer fails for a period of ten days after the receipt thereof to notify the insured in writing of the amount of loss which it admits the insured has sustained, the amount claimed by the insured in his preliminary proof of loss becomes the ascertained amount thereof, within the meaning of such policy, and suit may be maintained therefor at the expiration of sixty days after such default. In the event the insurer notifies the insured of the amount of loss which it admits he has sustained, and the parties fail to agree as to the amount of such loss within ten days thereafter, the act in question gives either party a right forthwith to demand an appraisement of the loss, and provides the procedure in that regard. If the insured demands an appraisement, and the insurer defaults by failing to appoint its appraiser within the designated five-day period, the amount claimed by the insured in his proof of loss becomes the ascertained amount thereof within the meaning of such a policy, and suit may be maintained therefor at the expiration of sixty days after such default. If the insurer demands an appraisement, and the insured defaults by failing to appoint an appraiser within the designated five-day period, the amount of loss which the insurer has admitted the insured has sustained becomes the ascertained amount thereof within the meaning of such a policy, and suit may be maintained therefor at the expira-

542 APPELLATE COURT OF INDIANA,

Commercial Union, etc., Co. *v.* Schumacher—71 Ind. App. 526.

tion of sixty days after such default. Under this construction it is apparent that appellant's amended second paragraph of answer is insufficient, while the fourth paragraph thereof states a good partial defense.

Appellee's third paragraph of reply, addressed to said amended second and said fourth paragraphs of answer, alleges, among other things, that the letter in which appellant demanded an appraisal of his loss, and named an appraiser therefor, was dated October 6, 1913, and was addressed to appellee in care of his attorney at Rockport, Indiana; that appellee lived eight miles therefrom and had no telephone; that said letter contained the following statement:

> "We have heretofore made you some compromise propositions which you have neither declined nor accepted. Without in any way waiving the above demand if you have any reasonable proposition to make perhaps appraisal can be avoided."

That this statement was made for the purpose of delaying him in naming his appraiser within the designated five-day period, which purpose was then unknown and unsuspected by him; that as soon thereafter as he was satisfied that an adjustment or compromise of his claim could not be effected, he named one Atkinson, a competent and disinterested person, to act for him in appraising said loss and notified appellant of such fact by letter dated October 15, 1913. It should be observed that it is alleged that the letter in which appellant demanded an appraisal and named an appraiser was addressed to appellee in care

of his attorney. The designated five-day period given appellee in which to appoint such appraiser would not begin to run until he received the letter, as there is no showing that his attorney had any authority to open the same, or receive notice of such demand and appointment on appellee's behalf. However, such paragraph of reply does not allege when appellee received the letter, and hence it fails to show that he appointed an appraiser within the prescribed period. It should be noted that the statement in the letter from appellant on which appellee bases his excuse for delay in appointing an appraiser contains the express statement that its suggestions regarding the avoidance of an appraisal should not be taken as a waiver of its demand therefor. We are therefore of the opinion that appellee was not justified, by reason of such statement, in failing to appoint an appraiser within the designated period. For the reasons stated, we hold that the court erred in overruling appellant's demurrer to said third paragraph of reply in so far as it is addressed to said fourth paragraph of answer.

Appellant predicates further error on the action of the court in overruling its demurrer to the fourth paragraph of reply. This paragraph of reply 13. is addressed to each the second, third, fourth and fifth paragraphs of answer. It alleges in substance that on September 10, 1913, prior to any demand for an appraisal, appellant admitted its liability and undertook to adjust the amount of appellee's loss; that it offered appellee $750 in payment thereof, and informed him that he could either accept said amount or bring suit on the policy; that afterwards, on November 18, 1913, appellant denied liability and made inquiry of him whether he wished to

make any compromise proposal   On these alleged facts appellee bases a waiver of all defenses set up in said several paragraphs of answer   A waiver is defined as an intentional relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right; an election by one to forego some advantage he might have taken or insisted upon. *Shedd* v. *American Credit, etc., Co.* (1911), 48 Ind. App. 23, 95 N. E. 316; *Templer* v. *Muncie Lodge, etc.* (1912), 50 Ind. App. 324, 97 N. E. 546; *Bucklen* v. *Johnson* (1898), 19 Ind. App. 406, 49 N. E. 612; *Aetna Life Ins. Co.* v. *Fitzgerald* (1905), 165 Ind. 317, 75 N. E. 262, 1 L. R. A. (N. S.) 422, 112 Am. St. 232, 6 Ann. Cas. 551. It will thus be observed that knowledge of the right which it is charged is waived is an essential to such waiver. The right involved in said third and fifth paragraphs of answer is the right to defend on account of certain alleged misrepresentations of facts made by appellee and embodied in said policy. There is no allegation in said paragraph of reply of any knowledge of such misrepresentations on the part of appellant when the acts constituting the alleged waiver were done, and hence it is insufficient to avoid the defense set up in said paragraphs of answer. For the reasons indicated, we hold that the court erred in overruling appellant's demurrer to said fourth paragraph of reply in so far as it is addressed to said third and fifth paragraphs of answer.

Error is also based on the action of the court in overruling appellant's demurrer to the fifth paragraph of reply. This paragraph is addressed 14. to the amended second and the fourth paragraphs of answer. We have heretofore held that said amended second paragraph of answer is in-

sufficient.   The fourth paragraph of answer is addressed only to so much of the complaint as seeks to recover an amount in excess of the sum of $750 and interest thereon.   Appellee seeks to avoid such partial answer by alleging in said. fifth paragraph of reply that appellant and appellee disagreed as to the amount of such loss, but appellant did not forthwith, nor within a reasonable time thereafter, demand in writing an appraisement of such loss; and for such reason appellant should be estopped to set up such partial defense.   This paragraph of reply is clearly insufficient.   Appellee had an equal right with appellant to demand an appraisal, and if he failed to exercise such right he has no ground for complaint because appellant failed to do so.   The overruling of such demurrer, in so far as it is addressed to said fourth paragraph of answer, was error.

Appellant contends that the court. erred in giving certain instructions, among which are Nos. 1 and 3, given by the court on its own motion.   Said instruction No. 1, after setting out the complaint including a copy of the policy in suit, concludes as follows:   "To this paragraph of complaint, the defendant has filed its answer in general denial of each and every material allegation therein contained, and upon the issues thus joined, the burden is upon the plaintiff to establish each and every material allegation of the complaint by a fair preponderance of the evidence, before he would be entitled to recover, and if you find from a preponderance of the evidence that each material allegation of the complaint is true and that the defendant has failed to prove the material allegations of some. one of its additional paragraphs of answer hereafter re-

ferred to, then your verdict should be for the plaintiff.''

It will be observed that by said instruction the court told the jury that, if it found ''that the defendant has failed to prove the material allegations of some one of its additional paragraphs of answer hereinafter referred to, then your verdict should be for the plaintiff.'' Taking this clause, in connection with the other parts of such instruction, it directed the jury to return a verdict for appellee if he had established all the material allegations of his complaint, unless appellant had established all the material allegations of all its affirmative paragraphs of answer. This renders the giving of such instruction reversible error, as a defendant may defeat an action by establishing all the material allegations of a single good affirmative paragraph of answer, if addressed to the entire complaint. *Manion* v. *Lake Erie, etc., R. Co.* (1907), 40 Ind. App. 569, 80 N. E. 166.

By instruction No. 3 given by the court on its own motion, the court informed the jury that appellee had filed four affirmative paragraphs of reply to the several affirmative paragraphs of answer. After reciting the contents of said several paragraphs of reply, the instruction concludes as follows: ''The burden is upon the plaintiff to establish the material allegations of one or more of his said second, third, fourth and fifth paragraphs of reply, by a preponderance of the evidence, in order to establish a waiver of the defense set out by the defendant in the paragraph of answer to which any such paragraph of reply is addressed.'' By this instruction the jury was told, in effect, that, if appellee had proved any one of its affirmative paragraphs of

reply, a waiver of the defense set out in the paragraph of answer to which it was addressed was thereby established. It should be noted that we have heretofore held the third, fourth, and fifth paragraphs of such reply insufficient, but the instruction treats them as sufficient and informs the jury that, if proved, they will have the effect of avoiding the paragraphs of answer to which they are addressed. It has been held that a defendant is not entitled to have an insufficient answer treated as sufficient in an instruction to the jury. *Postel* v. *Oard* (1890), 1 Ind. App. 252, 27 N. E. 584. This is evidently equally true of an insufficient reply, and especially when such reply is challenged by demurrer. We therefore hold that the giving of such instruction was reversible error.

Appellant has presented other alleged errors, relating to the admission of evidence and the giving and refusing to give certain instructions, but, as they may not reoccur on another trial, they are not considered or determined. For the reasons stated, the judgment is reversed, with instructions to sustain appellant's motion for a new trial, and to sustain its demurrer to the third paragraph of reply in so far as it is addressed to said fourth paragraph of answer; to sustain its demurrer to the fourth paragraph of reply in so far as it is addressed to said third and fifth paragraphs of answer; to sustain its demurrer to the fifth paragraph of reply in so far as it is addressed to said fourth paragraph of answer, with leave to the parties to amend their respective pleadings if they so desire, and for further proceedings not inconsistent with this opinion.