No. 11,875.

## HEAP v. PARRISH.

MALICIOUS PROSECUTION.—*Malice.*—*Probable Cause.*—*Practice.*—In an action for malicious prosecution, the jury may infer malice from the want of probable cause; and where there is evidence from which it could be found that the prosecution was instituted without probable cause, the verdict will not, on the evidence, be disturbed on appeal.

SAME.—*Objection to Evidence.*—*Practice.*—Objections to evidence, on the ground of immateriality or irrelevancy, will present no question for decision, where such fact is not apparent on the face of the evidence.

SAME.—*Motive.*—*Evidence.*—It is competent for the defendant in an action for malicious prosecution to testify that he was not actuated by malice, and as to what his motive was in instituting the prosecution complained of.

From the Sullivan Circuit Court.

*S. Coulson, J. S. Bays, S. C. Coulson, J. T. Beasley* and *A. B. Williams,* for appellant.

*W. C. Hultz, W. S. Maple* and *W. A. Massey,* for appellee.

HOWK, J.—On the 19th day of November, 1883, one Thomas W. Parrish, as sole plaintiff, commenced this action against the appellant, James Heap, as sole defendant, to recover damages for an alleged malicious prosecution of such plaintiff. The cause was put at issue by the appellant's answer in general denial of the plaintiff's complaint. The issues joined were tried by a jury, and a verdict was returned for the plaintiff, assessing his damages in the sum of $90. Over appellant's motion for a new trial, the court rendered judgment against him on the verdict, in favor of the plaintiff, Thomas W. Parrish. From this judgment the defendant, Heap, appealed to this court; and after his appeal was perfected, but before the submission of the cause, the death of the plaintiff was suggested, and it was shown that, by an order of the court below, all the estate of such decedent had been vested in his widow, Martha J. Parrish. By her agreement and that of appellant, the name of Martha J. Parrish is substituted for that of her deceased husband, as appellee in this cause.

All the questions discussed by appellant's counsel, in their brief of this cause, arise under the alleged error of the circuit court in overruling his motion for a new trial. Before considering any of these questions, however, we deem it necessary to a proper understanding of the case, that we should first give the substance of the plaintiff's complaint. The plaintiff, Thomas W. Parrish, alleged in his complaint that the appellant maliciously, and without probable cause, instituted a criminal proceeding against such plaintiff, in the court below, charging him with having, on the 28th day of June, 1882, committed a malicious trespass, by then and there injuring and causing to be injured a certain building and structure, then and there situate, built and erected at and over a coal-shaft, and commonly called a coal-shaft building, then and there the property of the appellant, and of the value of $500; that the clerk of such court issued a warrant upon such charge, by virtue of which the plaintiff herein was arrested and held under bond to appear at such court, and was afterwards tried, acquitted and discharged, and such prosecution against him was ended; that by such prosecution the plaintiff herein was greatly damaged in his good name, and greatly scandalized among his neighbors, and suffered great mortification and agony of mind, and was put to great trouble and expense in and about his defence, and was hindered and prevented from attending to his daily affairs, to his damage $2,000, for which sum and costs he demanded judgment.

Appellant's counsel first insist that the verdict of the jury was not sustained by sufficient evidence in this, that the evidence fails to show that the appellant maliciously and without probable cause instituted the prosecution against the plaintiff. It is conceded by his counsel, that appellant instituted the prosecution, and that it finally terminated in the acquittal of the plaintiff; but counsel claim that the evidence wholly fails to show the want of probable cause, or that appellant was instigated by malice in commencing the prosecution. We think, however, that there is evidence in the

record which tends at least to prove that the appellant, without any probable or reasonable cause, instituted the criminal prosecution against the plaintiff, and from which the jury might have fairly inferred and found that appellant was instigated by malice to commence such prosecution. There was evidence before the jury tending to prove that appellant's coal-shaft building was situated within the limits of the incorporated town of Farmersburgh, and extended over and obstructed the free use of one of the public streets of such town; that both appellant and plaintiff had lived in such town for several years, and plaintiff was the street commissioner of such town; that, as such officer, he removed so much of the shed of appellant's coal-shaft building as extended over and obstructed a public street of such town, and that, for this action of the plaintiff, the appellant instituted the criminal prosecution against him for an alleged malicious trespass on appellant's building. From this and other evidence appearing in the record, the jury may have found that the appellant, without any probable or reasonable cause, instituted the criminal prosecution against the plaintiff, "and malice may be inferred by the jury from the want of probable cause." *Bitting* v. *Ten Eyck*, 82 Ind. 421 (42 Am. R. 505); *Pennsylvania Co.* v. *Weddle*, 100 Ind. 138.

We can not disturb the verdict of the jury on the evidence.

The next point made by appellant's counsel in argument is, that the trial court erred in the admission of certain deeds, offered in evidence by the plaintiff. The appellant's objections to the admission of these deeds in evidence were, that they were immaterial and irrelevant. The deeds objected to were executed by the appellant, and they conveyed to different grantees certain lots, which were shown by a plat, also in evidence, to abut on the same street which appellant's coal-shaft building extended over and obstructed. We suppose that the deeds were offered and admitted in evidence, for the purpose of showing the appellant's recognition of the existence of both the plat and street, and, for that purpose, the

deeds were clearly competent evidence. Besides, the imma-teriality or irrelevancy of the evidence objected to is not ap-parent on the face of the deeds, and, in such a case, objections to evidence on those grounds will present no question for de-cision. *Underwood* v. *Linton*, 54 Ind. 468; *Kinsman* v. *State*, 77 Ind. 132; *Forbing* v. *Weber*, 99 Ind. 588.

While the appellant was testifying on the trial as a witness in his own behalf, it is shown by the bill of exceptions that his counsel asked him the following questions:

" 1. State to the jury whether or not, in commencing and prosecuting the case of the State of Indiana against the plain-tiff, Thomas W. Parrish, in the Sullivan Circuit Court, for malicious trespass in injuring his " (your?) " coal-shaft build-ing, on June 28th, 1882, which constitutes the malicious pros-ecution complained of in this cause, he " (you?) " was actuated by malice?

" 2. You will please state to the jury what induced you to commence and prosecute the criminal action against the plain-tiff, complained of in this case, and state also what, if any, motives you had or entertained in reference thereto?"

Perhaps the first of these two questions was objectionable, on the ground that it was leading, for it certainly suggested to the witness the answer he was expected to give. But that was not the ground on which the question was objected to in the trial court, as shown by the bill of exceptions, and, of course, no objection can be urged to the question here which was not assigned in the court below. The record shows that the first question was objected to below on the ground that it was incompetent to prove by the witness what his mo-tives and intentions were; and that the second question was objected to because it was incompetent to prove by the witness what particular inducement operated upon his mind to cause him to commence and prosecute said cause, and because it was incompetent for him to prove his motives. It is shown by the bill of exceptions that when the first question was objected to the appellant's counsel stated to the court that he expected to

and could prove by the witness, in answer to such question, that he was not actuated by malice, either in the commencement or prosecution of said cause.   Also, that when the second question was objected to, appellant's counsel stated to the court that he expected to and could prove by the witness, in answer to such question, that appellant, after consulting his counsel, became satisfied and believed that Thomas W. Parrish was guilty of a criminal trespass, for which he ought to be prosecuted, and that the only motive he entertained or had in view was, that the plaintiff, being guilty of a misdemeanor, ought to be prosecuted and punished therefor, etc.   The court sustained the objections to the questions, and excluded the offered evidence.

In these rulings we think the trial court erred; the evidence was competent, and it was error to exclude it from the jury.   It is settled law in this State, that where the character of the transaction depends upon the intent of the party, it is competent, when the party is a witness, to inquire of him what his intention was.   *Greer* v. *State*, 53 Ind. 420; *White* v. *State*, 53 Ind. 595; *Shockey* v. *Mills*, 71 Ind. 288 (36 Am. R. 196); *Bidinger* v. *Bishop*, 76 Ind. 244; *Sedgwick* v. *Tucker*, 90 Ind. 271; *Padgett* v. *State*, 103 Ind. 550.

It is claimed by appellee's counsel that the error of the court in the exclusion of such offered evidence was rendered harmless by other evidence, which appellant was permitted to and did give on the trial of this cause.   We do not think so. We have carefully considered the other evidence referred to by counsel, and it did not, as we think, supply the evidence which the trial court erroneously excluded.   For the error of the court in the exclusion of competent evidence, appellant's motion for a new trial ought to have been sustained.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the motion for a new trial.

Filed Nov. 23, 1885.