## HUBER MANUFACTURING COMPANY *v.* WAGNER.

[No. 20,871. Filed June 28, 1906.]

1. APPEAL AND ERROR.—*Supreme Court Rules.—Briefs.*—Appellant's brief will not be disregarded where a good-faith attempt has been made to comply with the Supreme Court rules and enough of the record has been set out to present the questions raised. p. 99.

2. CONTRACTS.—*Execution of.—Order for Engine.*—An order for an engine, signed by the agent of the manufacturers thereof, but not by plaintiff, though it specifies that when it is accepted at the home office it becomes a binding contract, is not a contract on the part of plaintiff, though such order was accepted and ratified by defendant. p. 100.

3.   PLEADING. — *Complaint.* — *Exhibits.*—*Variation.*—Where the contract set out as an exhibit varies from the contract as alleged in the body of the complaint, the exhibit controls. p. 100.

From Huntington Circuit Court; *James C. Branyan,* Judge.

Action by Henry R. Wagner against the Huber Manufacturing Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*Lesh & Lesh,* for appellant.

*Fred H. Bowers* and *Milo Feightner,* for appellee.

MONKS, J.—Appellee brought this action to recover damages for breach of an alleged written contract for the purchase of a gasoline engine from the appellant. Appellant's demurrer for want of facts to the complaint was overruled. A jury trial resulted in a verdict and judgment in favor of appellee.

The action of the court in overruling the demurrer to the complaint is called in question by the assignment of errors. Appellee claims that appellant has waived said alleged error by failing to set out in its brief a copy or concise statement of the written instrument sued upon, which was made a part of the complaint as required by §365 Burns 1901, §362 R. S. 1881. The written instrument is not set out to the extent required by the rules of court; but as appellant has made a good-faith effort to comply with the rules, and the parts, which appellant claims show the insufficiency of the complaint, are stated in the brief, the defects suggested will be disregarded.

It was alleged in the complaint that appellant, by its authorized general agent, C. S. Cooper, agreed to sell and deliver to appellee one fourteen-horse-power gasoline engine at Huntington or Warren, in consideration of which appellee agreed to execute and deliver to appellant his promis-

sory notes for $250, said notes to be secured by chattel mortgage, and to deliver to appellant one steam engine; that appellant accepted and ratified said agreement, a copy of which is filed with and made a part of the complaint.

2. The writing sued upon purports to be and is a mere order or request to appellant for a "fourteen-horse-power gasoline engine." Near the bottom of the order, under the title "notice," is the following: "This order is subject to the acceptance and approval of said company at its home office, and when so approved and accepted is a binding contract which no person has authority to modify or vary in any respect, or to waive any of its conditions except in writing approved by the management at the home office, and any attempt otherwise to change any of the terms or waive any of the conditions of the warranty will not be binding on the company." The only signature to the order is: "C. S. Cooper, agent. The Huber Company." According to its terms said order was not a contract, but a mere request to appellant, which, according to its terms, could only become a contract when accepted by the appellant at the home office. Said order was not signed by appellee. It was not his order, but, as signed, was the order of "C. S. Cooper, agent. The Huber Company." Said order, even if accepted and ratified by appellant, as alleged in the complaint, would not be a contract with appellee, as alleged in the complaint.

3. It is evident that the allegations of the complaint in regard to the instrument sued upon vary from the provisions of said instrument. In such case the exhibit controls, and such allegations will be disregarded. *Harrison Bldg., etc., Co.* v. *Lackey* (1897), 149 Ind. 10, 14, and cases cited.

Disregarding the allegations of the complaint which vary from the provisions of the instrument sued upon, it is evident that the court erred in overruling appellant's demurrer thereto.

Other questions are argued in the briefs, but the conclusion we have reached renders their determination unnecessary.

Judgment reversed, with an instruction to sustain the demurrer to the complaint.