## PONTIUS v. KIMBLE.

[No. 8,298. Filed April 24, 1914.]

1. MALICIOUS PROSECUTION.—*Malice.*—*Instructions.*—In an action for malicious prosecution, instructions stating that malice is the doing of a wrongful act intentionally and without just cause or excuse therefor and that its existence is a question of fact for the jury, and that malice in the sense of the ·law does not presuppose personal hatred or revenge, but may be implied under certain circumstances from a total want of probable cause, or from gross or culpable omission to make suitable and reasonable inquiry, and that while both want of probable cause and malice must be shown to entitle plaintiff to recover, malice may be inferred from a want of probable cause, though the jury is not bound to do so, were not open to the objection that they convey the idea of "legal malice" to the entire exclusion of the idea of "malice in fact", and construed as a whole they gave the jury a correct idea of malice. p. 145.

2. MALICIOUS PROSECUTION.—*Action.*—*Express Malice.*—It is not necessary that express malice be shown in order to sustain an action for damages for malicious prosecution, but malice may be inferred from a want of probable cause. p. 146.

3. MALICIOUS PROSECUTION.—*Probable Cause.*—*Instructions.*—An instruction in an action for malicious prosecution stating that if defendant caused plaintiff's arrest without making the inquiry that a prudent, cautious person would make under like circumstances, the prosecution was instituted without probable cause, was not objectionable as placing on defendant the burden of the inquiry of a "prudent" man rather than that of an "ordinarily prudent" man, especially in view of another instruction on the same subject which correctly told the jury that probable cause

Pontius *v.* Kimble—56 Ind. App. 144.

was that apparent state of facts found to exist upon reasonable inquiry, such as the given case renders convenient and proper and which would induce a reasonable, intelligent and prudent man to believe the accused man had committed the crime charged.   p. 147.

4.   MALICIOUS PROSECUTION. — *Action.*— *Punitive Damages.*— In an action for malicious prosecution the jury, in the exercise of its sound discretion, may award exemplary or punitive damages in addition to actual damages proven.  p. 148.

From Jay Circuit Court; *James J. Moran,* Judge.

Action by Fred Kimble, by his next friend, Sheridan Bailey, against Allen Pontius.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Frank H. Snyder* and *Whitney E. Smith,* for appellant.
*James R. Fleming, John M. Smith* and *Jacob F. Denney,* for appellee.

FELT, J.—Suit for damages for malicious prosecution.  A trial by jury resulted in a verdict and judgment in favor of appellee for $125, from which appellant appeals.

The only error assigned is the overruling of the motion for a new trial.  The questions not waived by failure to present in the briefs relate to the giving to the jury of certain instructions by the court of its own motion.

1.

Objection is made to instructions Nos. 7 and 10 on the ground that they give an erroneous definition of malice as applied to this case.  That part of instruction No. 7 to which objection is urged reads as follows:  "Malice is meant the doing of a wrongful act intentionally and without just cause or excuse therefor."  But as part of the same instruction the court also said:  "As to whether malice exists in a cause such as you are trying, is purely a question of fact for the jury to determine."  Instruction No. 10 is as follows:  "In the complaint it is charged that the defendant instituted and prosecuted a criminal prosecution against the plaintiff maliciously.  In the legal sense any wrongful act done wilfully and purposely and without just

cause or excuse, to the injury of another, is, as against that person, malicious; and malice in the sense of the law, does not presuppose personal hatred or revenge but may be implied under certain circumstances from a total want of probable cause, or from gross or culpable omission to make suitable and reasonable inquiry, and both want of probable cause and malice must be shown to exist to entitle plaintiff to recover. Malice is a question of fact for the jury, who may infer it from a want of probable cause, though they are not bound to do so."

The specific objections urged against these instructions are that they convey the idea of "legal malice" to the "entire exclusion of the idea of malice in fact"; that "in actions for malicious prosecution malice in fact, or express malice, is an essential." The instructions are good as against the objections urged. Taken as a whole they gave the jury a correct idea of the question of malice.

2.  Appellant is in error in claiming that a suit for damages for malicious prosecution can not be sustained without proof of "express malice". In *Carey* v. *Sheets* (1879), 67 Ind. 375, 378 the court said: "To sustain an action for malicious prosecution, there must be proof of both malice and want of probable cause, and the burden is on the plaintiff to prove both these facts. It is not necessary, however, that express malice be shown. Malice may be inferred from want of probable cause, but whether malice is proved or not, is a question for the jury, to be decided upon the evidence in each individual case." In *Helwig* v. *Beckner* (1897), 149 Ind. 131, 133, 46 N. E. 644, 48 N. E. 788, the court said: "The court or jury trying the cause may, however, as a matter of fact, infer malice from the want of probable cause, but are not required to do so, as such inference does not necessarily follow from the want of probable cause." Instruction No. 10 is almost a verbatim copy of an instruction approved by the Supreme Court, in *Oliver* v. *Pate* (1873), 43 Ind. 132, 136.

Appellant relies on the case of *Kelso* v. *Kelso* (1909), 43 Ind. App. 115, 86 N. E. 1001. In this case a wife sued the parent of her husband for damages for the alienation .of the affections of her husband. The court held that proof that an act was done purposely and without just cause or legal excuse, to the injury of another, authorized the jury to infer malice, but did not compel such inference, and the case was reversed because of instructions which in effect took from the jury the right to determine the question of malice. The opinion is clearly limited to the facts of the case and to similar suits where the relation of parent and child is involved and does not change the law as already declared in this State on the subject of malice and probable cause. As supporting our conclusion, we cite the following: *Lawrence* v. *Leathers* (1903), 31 Ind. App. 414, 68 N. E. 179; *Wilkinson* v. *Arnold* (1858), 11 Ind. 44; *Frowman* v. *Smith* (1800), 12 Am. Dec. 265, notes.

Objection is also made to instruction No. 8, which was on the subject of probable cause. In the part of the instruction alleged to be erroneous, the court said in substance, that if appellant after he had missed money

3. from his home, "caused the plaintiff to be arrested for the stealing of the same, without making the inquiry that a prudent, cautious person would make under like circumstances, then and in that case as a matter of law the prosecution was instituted without probable cause." The objection is that appellant was only required to make such inquiry as an "ordinarily" prudent man would make; that the instruction placed a greater burden on him to make such inquiry as a "prudent, cautious person would make". Instruction No. 7 given to the jury also dealt with probable cause and states: "Probable cause, is that apparent state of facts found to exist upon reasonable inquiry; that is, such inquiry as the given case renders convenient and proper, which would induce a reasonable, intelligent and prudent man to believe the accused man had committed, in

a criminal case, the crime charged.'' In the recent case of *Indianapolis Traction, etc., Co.* v. *Henby* (1912), 178 Ind. 239, 97 N. E. 313, the Supreme Court, by Morris, C. J., said: ''Probable cause occurs, in an apparent state of facts, found to exist upon reasonable inquiry, such as the given case renders convenient and proper, which would induce a reasonably intelligent and prudent person to believe the accused had committed the crime charged.'' The language of instruction No. 7 is similar to that of the Supreme Court in several cases, including its latest expression on the subject. Considering instructions Nos. 7 and 8 together we are satisfied that the jury was given a correct idea of the question of probable cause and that no error prejudicial to appellant was committed by the giving of the instructions or either of them. *Cleveland, etc., R. Co.* v. *Dixon* (1912), 51 Ind. App. 658, 667, 96 N. E. 815; *Hutchinson* v. *Wenzel* (1900), 155 Ind. 49, 55, 56 N. E. 845; *Terre Haute, etc., R. Co.* v. *Mason* (1897), 148 Ind. 578, 583, 46 N. E. 332; *Hays* v. *Blizzard* (1868), 30 Ind. 457, 459; *Lacy* v. *Mitchell* (1864), 23 Ind. 67.

Appellant claims that instruction No. 14 given by the court is erroneous in permitting the jury to include in its verdict punitive damages. In suits for damages of this nature, where the wrongdoer is not amenable to the penal laws of the State, it has been decided frequently that the jury in the exercise of sound discretion may award exemplary or punitive damages in addition to actual damages proven. *Lytton* v. *Baird* (1884), 95 Ind. 349, 358; *Atkinson* v. *Van Cleave* (1900), 25 Ind. App. 508, 509, 57 N. E. 731.

The instructions as a whole state the law fairly and accurately, and on the whole record there is nothing to indicate that appellant was in any way deprived of a fair and impartial trial. The learned trial judge therefore did not err in overruling the motion for a new trial. Judgment affirmed.

NOTE.—Reported in 104 N. E. 981. As to the defense of probable cause in actions for malicious prosecution, see 93 Am. St. 458. For a discussion of what constitutes "malice" as an element of malicious prosecution, see 21 Ann. Cas. 756. See, also, under (1) 26 Cyc. 116; (2) 26 Cyc. 50, 51; (3) 26 Cyc. 114; (4) 26 Cyc. 64.