Massachusetts Bonding and Insurance Company *v.* Free.

[No. 10,036. Filed October 31, 1919.]

1. Insurance.—*Accident Insurance.*—*Actions on Policies.*—*Complaint.*—*Cause of Death.*—In an action on an accident policy, an averment in the complaint that insured, while at work, was poisoned by the accidental, involuntary and unconscious inhalation of sewer gas, which poisoned his system to such an extent that he died from the same, is sufficient to withstand demurrer on the ground that it did not show that death resulted solely

·from the involuntary and unconscious. inhalation of sewer gas.
p. 277.

2. ¯PLEADING.—*Accident Insurance.—Actions on Policies.—Complaint.—Averment Controlled and Aided by ·Provisions of Policy.*—In an action on an accident policy, an averment that death resulted from insured being poisoned by the accidental, involuntary and unconscious ¯inhalation of sewer gas, which poisoned ¯his system so that he died, was controlled and aided by a statement, in the policy that the company would pay if loss of life resulted solely from the involuntary and unconscious inhalation of gas or other poisonous vapor. p. 277.

3. INSURANCE.—*Accident · Insurance.—Actions on Policies:—Defenses.—Matters Provable Under General Denial.*—In an action on an accident policy, causes of and causes contributing to the death of insured, other than that pleaded, and the alleged fact that insured knowingly inhaled the sewer gas that caused his death, are provable under the general denial. p. 278.

4. PLEADING.—*Matters Provable Under General Denial.—Special Answers.—Demurrer.*—Paragraphs of answer filed with a paragraph in general denial, and setting up only matters provable thereunder, are demurrable. p. 278.

5. APPEAL.—*Evidence.—Review.*—Where there is evidence to support the material elements of · the verdict, the Appellate Court will not weigh the evidence. p. 278.

6. TRIAL.—*Directing Verdict.—Evidence on All Material Allegations.*—When there is evidence on each material allegation of the complaint, a motion to direct a verdict at the close of the evidence, made by defendant, should be overruled. p. 279.

7. TRIAL.—*Directing Verdict.—Evidence.—Inferences.*—In considering a motion to direct a verdict the court must accept as true all the evidence and ·inferences against the one making the motion. p. 279.

8. TRIAL.—*Directing Verdict.—Amount.—Insurance.—Actions on Policies.*—Where, in an action on a policy, there is evidence to sustain a recovery of an amount provided for by one clause of the policy, a motion to direct a verdict for a smaller sum provided for in certain contingencies by a different clause should be overruled. p. 280.

9. EVIDENCE.—*Insurance.—Actions on Policies.—Declarations of Insured.*—A statement made by the insured to his wife, at their home, three miles from the place of the accident, and eight or ten hours thereafter, that he had to pull a sewer gas plug and got sewer gas, was not part of the *res gestae*, and was inadmissible in an action by the widow of the insured upon his accident policy for the loss of life by inhalation of sewer gas. p. 280.

10. APPEAL.—*Admission of Evidence.*—*Harmless Error.*—Where, in an action on an accident policy, a declaration by the insured as to the cause of his injury, was erroneously admitted in the testimony of plaintiff, his widow, the error is harmless where she later answered a similar question to the same effect without objection, and where other evidence was introduced without objection to the same effect. p. 280.

From Marion Superior Court (102,632); *V. G. Clifford,* Judge.

Action by Mary A. Free against the Massachusetts Bonding and Insurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*G. R. Estabrook,* for appellant.

*N. E. Carter* and *Pliny W. Bartholomew,* for appellee.

NICHOLS, P. J.—This action, in the Marion Superior Court, was by the appellee against the appellant upon an insurance policy issued to Addison Free, and naming the appellee, who was the wife of the assured, as beneficiary.

It is averred in the complaint that the said Addison Free, while at work in Indianapolis, Marion county, Indiana, was poisoned by the accidental, involuntary and unconscious inhalation of sewer gas, which poisoned his system to such an extent that he died from the same on August 27, 1915.

The complaint is challenged by demurrer for the reason that it does not show that the death in question resulted solely from the involuntary and unconscious inhalation of sewer gas. The policy, which is made a part of the complaint by exhibit, provides that: "If loss of life of the insured shall * * * result solely from * * * the in-

voluntary and unconscious inhalation of gas or other poisonous vapor, the company will pay in lieu of all other indemnity, the original principal sum.'' The allegation of the complaint is sufficient to withstand the demurrer, but, if it were not, the statement in the policy controls and aids it, thereby rendering it sufficient. The demurrer was properly overruled. *Bayless* v. *Glenn* (1880), 72 Ind. 5; *Reynolds* v. *Louisville, etc., R. Co.* (1896), 143 Ind. 579, 40 N. E. 410; *Huber Mfg. Co.* v. *Wagner* (1906), 167 Ind. 98, 78 N. E. 329.

The appellant filed an answer to the complaint, in eight paragraphs, the first of which was a general denial. The appellee filed a demurrer for want of facts to each of the second, third, fifth and sixth paragraphs of said answer, which was sustained to each of said paragraphs, and the appellant complains of this ruling of the court as error. The second, third and fifth paragraphs of said answer each aver another cause, or contributing cause, of the insured's death, and the sixth paragraph avers that the insured knowingly inhaled the sewer gas. Such facts, so far as material, were provable under the general denial, hence the demurrer to each of the paragraphs alleging them was properly sustained. *Lehman* v. *City of Goshen* (1912), 178 Ind. 54, 98 N. E. 1, 710.

Appellant contends that the evidence is not sufficient to sustain the verdict, that the verdict is contrary to law, and that the damages are excessive. The verdict of the jury finds every material fact averred in the complaint in favor of the plaintiff, and there is evidence to sustain such finding, including the amount of recovery. This court will not weigh the evidence. Appellant has given no

reason why the verdict is contrary to the principles of law as applied to facts found by the jury, and we see none.

Appellant's motion, at the close of the evidence, to direct a verdict was properly overruled. To have ruled otherwise would have been a clear invasion of the province of the jury, as there was evidence upon each material allegation of the complaint. A peremptory instruction should not be given, except where there is total failure of evidence and inference upon an essential matter, and the court must accept as true all the evidence and inferences against the one making the motion. *Matthews* v. *Myers* (1917), 64 Ind. App. 372, 115 N. E. 959. See, also, *Abendroth* v. *Fidelity, etc., Co.* (1919), — Ind. App. —, 124 N. E. 714. In this connection appellant challenges the application of the insured, which was read in evidence as a part of the policy without objection by the appellant, because of a discrepancy in its date and that of the policy, the application being dated June 1, 1914, while the policy is dated May 29, 1914. It is provided in the policy, however, that it is "issued in consideration of the policy fee of $3.00 and of the application, a copy of which is endorsed hereon and made a part of this policy," and again, that "this policy includes the endorsements and attached papers, if any, and contains the entire contract of insurance." These provisions, together with the fact that the application was read in evidence as a part of the policy without objection on the part of the appellant, leave this court without a doubt that the application read in evidence, which contained the name of appellee as beneficiary, was the application

upon which the policy was issued, notwithstanding the discrepancy in the dates.

It is provided in the policy that "in the event of death  *  *  *  due partly to 'such injury,' and partly to disease or bodily infirmity or resulting directly or indirectly from  *  *  * voluntary exposure to unnecessary danger. *  *  *  the company's liability shall be one-fourth of the amount that would otherwise be payable under this policy." At the close of the evidence, and after the court had overruled the motion to direct a verdict for appellant, appellant filed a motion to instruct the jury to return a verdict for the appellant in the sum of $125, being one-fourth of the amount of the policy, with interest from date of denial of liability. There was evidence that other diseases and infirmities with which the insured was afflicted were the result of the sewer gas poison rather than contributing concurrent causes. There was also evidence that the exposure to sewer gas poison was involuntary. The motion was properly overruled, for the same reasons as given for the above ruling on motion to direct a verdict for the appellant.

After a proper objection by appellant, which was overruled, appellee was permitted to state in answer to a question propounded to her that her husband said to her that he had to pull a sewer gas plug and got sewer gas. This conversation was after the insured had gone home, a distance of about three miles from the place of the accident, and eight or ten hours thereafter. Such a statement was not a part of the *res gestae,* and it was error to admit it. *Pittsburgh, etc., R. Co.* v. *Wright* (1881), 80 Ind. 182; *Golibart* v. *Sullivan* (1903), 30 Ind. App.

428, 66 N. E. 188; *Abendroth* v. *Fidelity, etc., Co.,* *supra.* The error, however, is harmless, for the reason that the appellee later answered a similar question to the same effect without objection by appellant. Further, other evidence was introduced, without objection, to the effect that the insured's injuries were by sewer gas. The admission of improper evidence of a fact is harmless when the verdict is supported by other sufficient evidence. 1 Ind. Digest 705.

There is no reversible error, and the judgment is affirmed.