## JOHNSON v. BRADY.

[No. 10,172. Filed February 19, 1920. Rehearing denied June 3, 1920. Transfer denied December 20, 1921.]

1. MALICIOUS PROSECUTION.—*Malice.—Instructions.—Province of Jury.*—In an action for malicious prosecution, an instruction, that malice may be inferred from want of probable cause, was not erroneous as invading the province of the jury. p. 178.

2. MALICIOUS PROSECUTION. — *Institution of Proceedings before the Grand Jury.—Instruction.*—In an action for malicious prosecution, in which it was claimed that defendant by false testimony before the grand jury had procured the indictment of plaintiff, defendant's requested instruction that if he did not commence, or cause to be commenced, the proceedings before the grand jury, and had no connection with such proceeding except to appear as a witness in response to a subpoena, plaintiff could not recover, was properly refused, as the instruction did not include the element of wrongfully continuing the proceeding after it was begun. p. 179.

3. EVIDENCE.—*Admissibility.—Hearsay.*—In an action for malicious prosecution in which the complaint alleged that defendant by false testimony before the grand jury had procured the return of an indictment against plaintiff, testimony that, prior to the return of the indictment, a third party went to the office of a justice of the peace for the purpose of filing an affidavit charging plaintiff with the crime at a time when defendant was. out of the state, was properly rejected as hearsay. p. 179.

4. MALICIOUS PROSECUTION.—*Questions of Law.—Probable Cause.*—In an action for malicious prosecution, where the facts are not in dispute the court must decide as a matter of law whether such facts constitute probable cause. p. 180.

5. MALICIOUS PROSECUTION.— *Probable Cause.— Procuring Indictment without Belief of Guilt.*—If defendant did not believe the accused guilty of the crime charged, and caused an indictment to be returned by reason of his testimony, the indictment was procured without probable cause. p. 180.

6. MALICIOUS PROSECUTION. — *Malice. — Jury Questions.* —In an action for malicious prosecution, whether defendant maliciously testified falsely before the grand jury, thereby causing the grand jury to return an indictment against plaintiff, *held* a question of fact for the jury. p. 180.

From Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Action by George W. Brady against Franklin P. Johnson. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Thomas E. Kane* and *David A. Meyers*, for appellant.
*Charles T. Hanna, Thomas A. Dailey* and *Gentry & Campbell*, for appellee.

REMY, P. J.—Action for malicious prosecution. The complaint charges that appellant, without probable cause, and by falsely testifying before the grand jury, procured the indictment of appellee for the larceny of certain fodder, upon which indictment appellee was afterwards tried and acquitted. This is the second appeal. *Johnson* v. *Brady* (1915), 60 Ind. App. 556, 109 N. E. 230. On the former appeal, a judgment for appellee, who was plaintiff below, was reversed, this court holding that the evidence, an abstract of which is fully set out in the court's opinion, wholly failed to show that appellant instituted, or was in any way voluntarily connected with the prosecution. Upon the return of the cause to the trial court, the complaint which, as it stood on the former trial, charged generally that "defendant maliciously and without probable cause procured and caused the return of the indictment," etc., was so amended that it specifically charged that appellant testified falsely before the grand jury, and thereby obtained the return of the indictment. The cause was tried by jury, and again resulted in a verdict and judgment for appellee. The action of the trial court in overruling the motion for a new trial is the only assigned error presented and relied upon for a reversal.

The court on its own motion instructed the jury that "malice may be inferred from want of probable cause for the institution of such proceedings; yet such

1.  inference does not necessarily follow from a want of probable cause, but it is for you to determine

as a question of fact from the evidence in this case whether such proceedings were or were not instituted by the grand jury of Marion county on the false testimony or evidence of defendant." It is urged against this instruction that it was an invasion of the province of the jury to instruct that they might infer malice from want of probable cause. The question thus presented has been decided adversely to appellant's contention by the courts of appeal of this state. *Oliver* v. *Pate* (1873), 43 Ind. 132; *Pontius* v. *Kimble* (1914), 56 Ind. App. 144, 104 N. E. 981.

The trial court refused, at the request of appellant, to instruct the jury that if they should find from the evidence that appellant "did not commence, or cause to be commenced, the proceedings before the grand jury" against appellee, and that appellant, "had no connection with such proceedings except to appear as a witness in response to a subpoena, that appellee could not recover." The tendered instruction does not include the element of wrongfully continuing the proceeding already begun. The court did not err in refusing to give the instruction.

Other instructions tendered by appellant, and by the court refused, are covered by the instructions given by the court on its own motion.

The indictment of appellee, as alleged in the complaint, was returned October 20, 1911. On the trial appellant sought to prove that in August, 1911, one Barney Means went to the office of a justice of the peace for the purpose of filing an affidavit charging appellee with the larceny of the fodder in question, appellant being out of the state at the time. Appellant asserts that the court erred in not admitting this evidence. The court properly rejected the evidence as hearsay.

It is urged by appellant that the evidence does not

show a want of probable cause.   It is well settled that if the facts are not in dispute the court must decide

4, 5.   as a matter of law whether such facts do or do not constitute probable cause.   *Pennsylvania Co.* v. *Weddle* (1885), 100 Ind. 138.   The evidence shows by appellant's own statement, that he "never at any time believed" that appellee "stole the fodder" in controversy. If, as a matter of fact, appellant at no time believed appellee to have been guilty of the alleged larceny, then it follows that if he caused the indictment of appellee it was without probable cause.

The complaint charged that appellant had maliciously testified falsely before the grand jury causing the grand jury to return the indictment against appellee.

6.   The issue thus tendered became an important question on the trial.   It is earnestly contended by appellant that on this issue the verdict is not sustained by sufficient evidence.   No question of law is involved.   It was a question of fact for the jury.   No useful purpose would be served by discussing the evidence in this opinion.   It is sufficient to say that there is some evidence to support the verdict of the jury on the said issue, as there is evidence tending to prove every other material allegation of the complaint.

Judgment affirmed.

Batman and McMahan, JJ., dissent.