136 Ind. App. 467 (1964)
202 N.E.2d 583
BRICKMAN
v.
ROBERTSON BROS. DEPT. STORE, INC., ET AL.
No. 19,997.
Court of Appeals of Indiana.
Filed December 2, 1964.
*468 Patrick & Anderson and David R. Connell, of counsel, of South Bend, for appellant.
Arthur W. Goulet, of Mishawaka, and Edward N. Kalamaros, South Bend, for appellees.
COOPER, J.
Appellant herein, Morris Brickman, filed a complaint for damages for false imprisonment against the appellees, Robertson Brothers Department Store, Inc. et al., seeking damages in the sum of Twenty Five Thousand ($25,000.00) Dollars.
After the issues were properly closed, trial was had on the appellant's amended complaint before a jury. It appears, following the presentation of appellant's evidence and at the conclusion of said evidence, the trial court sustained the several appellees' motions for a directed verdict and directed the jury to return a verdict in favor of the several defendants-appellees. Thereafter, the jury returned the directed verdict in open court and the several defendants moved for judgment upon the verdict and judgment was entered thereon. Such action by the trial court is here assigned as error, *469 as is the overruling by said court of the appellant's motion for a new trial.
The pertinent ground in the appellant's motion for a new trial, in substance, is based upon the assignment that the decision of the court is contrary to law and the court erred in sustaining the several motions for a directed verdict to the jury.
Thus, we are called upon to consider whether or not there is any evidence of probative value to sustain the allegations of the appellant's amended complaint. In view of the court's finding, in sustaining said motion, it becomes necessary for us to consider the effect of said motion and the principles governing its treatment.
Our court, in discussing a peremptory instruction in the case of Ross v. Thompson et al. (1957), 128 Ind. App. 89, 96, 146 N.E.2d 259, quoting from the case of Garrett v. Estate of Hoctel, etc. (1957), 128 Ind. App. 23, 142 N.E.2d 449, 453, said:
"`Primarily, it may be said that it is tested by the same rules of law as is a request for a peremptory instruction to the jury. Abernathy v. McCoy (1926), 91 Ind. App. 574, 600, Points 16-18, 154 N.E. 682. In Hill v. Rogers (1951), 121 Ind. App. 708, 712 (Transfer denied), 99 N.E.2d 270, 272, it is said that in ruling upon a motion for judgment at the conclusion of plaintiff's case, the court:
"`may consider only the evidence and the reasonable inferences which may be drawn therefrom most favorable to the plaintiff. If there is any evidence from which it may be reasonably inferred the plaintiff was entitled to relief, it is error to sustain such motion.'
"`Further, we may state, in determining upon such motion that the court must not weigh the evidence and it must exclude all conflicting evidence that is favorable to the defendant. National Union Fire Insurance Company v. Minas Furniture Company (1927), 86 Ind. App. 358, 362, 158 N.E. 248.'

*470 "The law is clear that upon an appeal from the judgment entered in a trial for the movant at the close of the adverse party's evidence, this court will construe the evidence in the manner most favorable to the adverse party. Folsom v. Callen (1956), 126 Ind. App. 201, 131 N.E.2d 328, 330."
Also, in the case of Boyd v. Hodson (1946), 117 Ind. App. 296, 299, 72 N.E.2d 46, we find the following pertinent statement:
"By their motion for a directed verdict the appellees admitted the truth of all competent evidence tending to prove the appellant's case together with all reasonable inferences to which such evidence gives rise. Jackson, Rec. v. Mauck (1920), 189 Ind. 262, 126 N.E. 851; Massachusetts Bonding, etc., Co. v. Free (1919), 71 Ind. App. 275, 124 N.E. 716; Ackerman v. Pere Marquette R. Co. (1915), 58 Ind. App. 212, 108 N.E. 144. It is also well established that a court should not give a pre-emptory (sic) instruction unless there is a total failure of evidence and reasonable inference upon at least one essential element of the plaintiff's case. Massachusetts Bonding, etc., Co. v. Free, supra."

Under the foregoing authorities, it was incumbent upon the trial court, after the appellees filed their respective motions for a directed verdict, to review only the evidence and the reasonable inferences which might be drawn therefrom most favorable to the plaintiff.
A concise statement of the evidence, in substance, appearing in the record now before us most favorable to the appellant reveals that the appellant (plaintiff) entered the department store of the defendant, Robertson Brothers, in South Bend, for the purpose of exchanging, for a larger size, two pairs of children's socks previously purchased. After securing permission from a salesperson, he proceeded to make the exchange himself. Thereafter, the appellant descended *471 from the second floor to the first floor on an escalator and made his exit from the store by a revolving door and proceeded to walk north on Michigan Street. It appears at this point that his locomotion was stopped by one Frances Diener, an appellee (defendant) who grabbed the plaintiff's arm above the elbow and stopped his forward progress and ordered and demanded in a stern and firm voice carrying authority that the plaintiff accompany the said Diener back into the store as he had stolen two pairs of socks or had taken the socks without paying for them.
It appears at the time she, appellee Diener, stopped and restrained the appellant outside the store premises, she stated she was a store detective and that the appellant would have to return back to the store with her.
It also appears that in the conversation with appellant, the appellee Diener related her activity to her employment with both the appellee defendant, Robertson Brothers Department Store and the Pinkerton National Detective Agency, Inc.
The evidence also reveals that the appellant denied stealing said socks and protested against returning to the store, and that upon re-entering the store in submission to the orders of the appellee Diener, he sighted the appellee-defendant, Leonard Schrager, an employee of said Department Store, whom the appellant had known for at least fifteen years; that the appellant solicited his help and was directed by said Schrager to comply with the orders of Mrs. Diener by stating, "You had better go with her", and that said Schrager accompanied Mrs. Diener and appellant up the escalator to the sock department on the second floor.
The record contains evidence of a contract between the Robertson Brothers Department Store, Inc. and the *472 Pinkerton National Detective Agency relating to the placing and employment of a store security officer (Mrs. Diener) whose duties were to guard the property of the department store and to apprehend and arrest on behalf of the department store and the detective agency any person suspected of shoplifting in the premises.
Under the foregoing evidence, we are of the opinion that the appellant had discharged his burden of proof in making a prima facie case and that such evidence was sufficient to establish a reasonable inference that there had occurred an unlawful restraint of the appellant's freedom of locomotion and a deprivation of his liberty without his consent, and that said restraint or deprivation of liberty was unlawful without justification or legal process and further that said defendants, individually or as agents or employees of each other, thereby contributing to the alleged false imprisonment, and were also acting in the scope of their agency or scope of employment at such time.
False imprisonment consists of an unlawful restraint upon one's freedom of locomotion or the deprivation of liberty of another without his consent. See § 1, 14 I.L.E., p. 48; Batten v. McCarty (1927), 86 Ind. App. 462, 158 N.E. 583; Efroymson v. Smith (1902) (T.D.), 29 Ind. App. 451, 63 N.E. 328. It was only necessary for the plaintiff to show that the defendants imposed an unlawful restraint upon his freedom of movement or action to entitle him to recover. Cleveland v. Emerson (1912), 51 Ind. App. 339, 99 N.E. 796.
It is also a well-established law that, as a general rule, "all those who, by direct act or indirect procurement, personally participate in or proximately cause the unlawful restraint or detention are liable therefor as joint tortfeasors, jointly and *473 severally, regardless of the degree or extent of the individual activity, and each is so liable although he did not know that the detention was illegal in its inception ... Where different parties participate at different times in unlawful detention, plaintiff is not obligated to divide the trespass into parts and sue each for a part since it is not necessary that all defendants should have been present at the commencement of the detention, all those afterwards joining in the unlawful detention becoming trespassers ab initio." Matovina et al. v. Hult (1955), 125 Ind. App. 236, at 245, 123 N.E.2d 893. See also, 35 C.J.S., False Imprisonment, § 37, pp. 684, 685.
Believing that the appellant discharged his burden of proof in making a prima facie case, the court erred in sustaining the appellee's respective motions for a directed verdict. For this reason, the judgment is reversed, with instructions to sustain appellant's motion for a new trial.
Faulconer, C.J., Ryan, and Carson, JJ., concur.
NOTE.  Reported in 202 N.E.2d 583.